# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| THE TWELFTH CONGRESSIONAL DISTRICT REPUBLICAN COMMITTEE, et al., | ) ) ) |
| | ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action File No. |
| | ) |
| BRADFORD J. RAFFENSPERGER, et al, | ) **EXPEDITED TREATMENT REQUESTED** ) |
| | ) |
| Defendants. | ) ) |

## PLAINTIFFS' EMERGENCY MOTION
## FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Procedure and Local Rule 7.7, Plaintiffs, by counsel, move this Court to enter an Order granting a restraining order and preliminary injunction against Defendants that (a) prohibits them from implementing certain procedures and requirements concerning elections that were established in violation of Article II, § 1, cl. 2 of the United States Constitution and provisions of the Georgia Election Code and (b) mandating that Defendants comply with the procedures and requirements governing elections set forth in the Georgia Election Code.

Also pursuant to Rule 7.1(b) of the Local Rules of the Southern District of Georgia, Plaintiffs filed with their original motion a memorandum in support citing the legal authorities supporting the motion and the facts relied upon. The grounds for this motion are:

1.     The actions of Defendants in establishing procedures and requirements related to the verification of absentee voters' signatures and the delivery of absentee ballots to drop boxes violate the plain language of O.C.G.A. §§ 21-2-382, 21-2-385, and 21-2-386.

2.     Defendants are continuing not to comply with the requirements of O.C.G.A. §§ 21-2-385 and 21-2-386 concerning the use of drop boxes and the verification of the signature of every absentee voter. They will continue their non-compliance with the above-referenced statutory requirements unless prohibited from that unlawful conduct by this Court.

3.     The injuries that Plaintiffs will suffer will be irreparable unless Defendants' unlawful conduct is prohibited by this Court. Declaration of Buck Moon.

4.     Defendants will not be substantially harmed by the granting of the requested restraining order and injunction because Plaintiffs seek nothing more than that Defendants comply with Georgia law. Any disruption of Defendants'

activities is what would be attributable to the adjustments necessitated to implement applicable Georgia statutes.

5.     The public interest would be served by the grant of the requested injunctive relief because such relief is essential to restore the confidence of the public in the integrity of the election process.

6.     Plaintiffs have no adequate remedy at law.

7.     Plaintiffs are seeking an order prohibiting and enjoining Defendants from using the drop boxes to collect any further absentee ballots in violation of the Georgia Election Code.

8.     Plaintiffs are seeking an order requiring Defendants to keep the outer ballot envelope together with the inner envelope until the polls close on January 5, 2021 and tabulation of the vote may begin.

9.     Plaintiffs are seeking an order requiring Defendants, if they are opening absentee ballots early, to train full time employees and temporary poll workers to properly conduct signature verification and to permit Plaintiffs' designated representatives to be present and have meaningful observation of the absentee ballot verification process.

10.     In support of this motion, Plaintiffs submit a memorandum of law reviewing the four factors that the Court must consider in deciding whether to grant or deny this motion.

WHEREFORE, Plaintiffs request that the Court schedule a hearing on this

motion and enter an Order granting their motion for preliminary injunctive relief.

Respectfully submitted,

**THE 12TH CONGRESSIONAL DISTRICT
REPUBLICAN COMMITTEE, et al.**

/s/    Johnny Vines
Johnny Vines, Esq.
Georgia Bar Number: 940633
JOHNNY VINES, P.C.
404 Durden Street, Suite B
Vidalia, Georgia 30474
(912) 388-7071 (o)
(912) 537-6600 (f)
jecvines@vineslaw.com

Patrick M. McSweeney, Esq.*
Robert J. Cynkar, Esq.*
Christopher I. Kachouroff, Esq.*
MCSWEENEY, CYNKAR & KACHOUROFF, PLLC
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
(703) 621-3300 (o)
patrick@mck-lawyers.com
chris@mck-lawyers.com
rcynkar@mck-lawyers.com

*Counsel for Plaintiffs*

* *Pro Hac Vice* Applications Forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2020, I electronically filed this document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record. However, because no counsel has entered an appearance in this matter, I also certify that I caused a true and correct copy of the foregoing and all attachments in the above captioned matter to be sent via email notification to the parties who are not yet served via email (and FedEx on December 9) as follows:

**Secretary of State Bradford P. Raffensperger**
214 State Capitol
Atlanta, Georgia 30334
brad@sos.ga.gov
soscontact@sos.ga.gov

**Rebecca N. Sullivan**
Georgia Department of Administrative Services
200 Piedmont Avenue SE
Suite 1804, West Tower
Atlanta, Georgia 30334-0910
Rebecca.sullivan@doas.ga.gov

**David J. Worley**
Evangelista Worley, LLC
500 Sugar Mill Road
Suite 245A
Atlanta, Georgia 30350
david@ewlawllc.com

**Matthew Mashburn**
Aldridge Pite, LLP
3575 Piedmont Road, N.E.
Suite 500
Atlanta, Georgia 30305
mmashburn@aldridgepite.com

**Anh Lee**
Harley, Rowe & Fowler, P.C.
2700 Cumberland Parkway
Suite 525
Atlanta, Georgia 30339
ale@hrflegal.com

**Tim McFalls**
**Marcia Brown**
**Sherry T. Barnes**
**Terence Dicks**
**Bob Finnegan**
Richmond County Board of Elections
535 Telfair Street Suite 500
Augusta, GA  30901
Phone: 706-821-2340
Fax: 706-821-2814
RichmondElections@augustaga.gov

This 9th day of December, 2020.


/s/  Johnny Vines
Johnny Vines, Esq.
Georgia Bar Number: 940633
JOHNNY VINES, P.C.
404 Durden Street, Suite B
Vidalia, Georgia 30474
(912) 388-7071 (o)
(912) 537-6600 (f)

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| THE TWELFTH CONGRESSIONAL DISTRICT REPUBLICAN COMMITTEE, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action File No. |
| BRADFORD J. RAFFENSPERGER, et al, | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs, by counsel, state the following in support of their Motion for a

Preliminary Injunction:

In the complaint in this action, Plaintiffs assert violations by Georgia

election officials of Plaintiffs' First Amendment associational rights and their right

to equal treatment under the law guaranteed by the Equal Protection Clause of the

Fourteenth Amendment. The Plaintiffs are the 12th Congressional District

Republican Committee ("the 12th District Committee"), Brian Tucker, Cathy A.

Latham, and Edward T. Metz. The 12th District Committee sues to vindicate

violations of its own organizational rights and those violations of its members' rights. The Individual Plaintiffs were candidates for the office of Presidential elector in the 2020 general election and intend to seek that office again in future elections. They also bring this action as registered voters of the State of Georgia who assert that Defendants have violated Individual Plaintiffs' rights to freedom association and equal protection as a result of their rules and procedures adopted in direct conflict with O.C.G.A. §§ 21-2-382, 21-2-385, and 21-2-386.

Plaintiffs have no adequate remedy at law and will be harmed irreparably unless this Court grants them the declaratory relief and the temporary, preliminary and permanent injunctive relief they request. Defendant Raffensperger is the Secretary of State, who chairs the Defendant State Election Board ("SEB"). Defendants Sullivan, Worley, Mashburn and Lee are members of the SEB. Defendants McFalls, Brown, Barnes, Dicks and Finnegan are members of the Richmond County Board of Elections. Defendants are sued in their official capacity as individuals and agencies responsible under the laws of the State of Georgia for the conduct of elections.

## I.     BACKGROUND STATEMENT

On November 23, 2020, the SEB promulgated Rules 183-1-14-0.6-.14 ("Secure Absentee Drop Boxes") and 183-1-14-0.9-.15 ("Processing Absentee Ballots Prior to Election Day). The Georgia Election Code provides that absentee ballots must be delivered to county election officials by the voter personally, by an individual specified in O.C.G.A. § 21-2-385, or by U.S. Mail.  O.C.G.A. § 21-2-386(a)(2) prohibits the opening and processing of absentee ballots before Election Day. Defendant Raffensperger has issued an Official Election Bulletin in which he has instructed county election officials to verify the signature of an absentee voter against the signature on the envelope in which it was delivered or the voter's signature on file in the SEB's eNet system or on the vote's application for an absentee ballot. O.C.G.A. § 21-2-386(a)(1)(B) provides that the signature on the absentee ballot envelope must match the signature on the voter's registration card **and** the signature on the voter's application for an absentee ballot.

Absentee ballots are now being received by county election officials. To prevent or minimize the ballot harvesting that O.C.G.A. §§ 21-2-385 and 21-2-386 were enacted to preclude, Plaintiffs seek relief in the form of these Motions to restrain and enjoin Defendants from implementing the rules and procedures

imposed on county election officials that are in direct conflict with the above-referenced statutes and that violate Plaintiffs' constitutional rights of freedom of Association and equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

## II.    ARGUMENT

Article II, § 1, cl. 2 of the United States Constitution confers on state legislatures the power to appoint, as well as to establish the method of appointing, Presidential electors. Individual Plaintiffs were Presidential elector candidates in the 2020 general election who intend to seek that office again in the future. They also bring this action as registered voters in the State of Georgia who assert that the conduct of Defendant election officials has violated Georgia election laws and will continue to violate Georgia election laws unless this Court intervenes and grants them relief in the form of declaratory and injunctive relief.

Plaintiffs seek a temporary restraining order and preliminary injunctive relief to prohibit continued violations of election laws by Defendants. The District Committee brings the action in its own organizational status, claiming direct violations of its constitutional rights, and on behalf of its members and adherents.

Plaintiffs have standing to bring their action and to seek the relief requested in the Motion for Temporary Restraining Order and the Motion for Preliminary Injunctive Relief, as will be demonstrated in the Argument below.

Plaintiffs have no adequate remedy at law. Declaratory and injunctive relief are the only remedies that will prevent irreparable injury to Plaintiffs.

The four-factor test applied to applications for injunctive relief under *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7 (2008) is discussed below. The Court of Appeals has stated the test in these terms: "[The movant must demonstrate that] (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Otto v. City of Boca Raton, Florida*, 2020 WL 6813994 (11th Cir. Nov. 20, 2020) citing *Siegel v. LePore,* 234 F.3d 1163, 1175 (11th Cir. 2000) (*en banc*).

## A. LIKELIHOOD OF SUCCESS ON THE MERITS

In First Amendment cases, the likelihood-of-success-on-the-merits factor is usually determinative. *ACLU of Illinois v. Alvarez,* 679 F.3d 583,589-90 (7th Cir. 2012). Plaintiffs here enjoy an unusual position in this case because the actions of

Defendants at issue violate the unambiguous language of several Georgia election statutes. They are likely to succeed on the merits because the challenged actions of Defendants are clearly illegal. Defendants Raffensperger and State Election Board have imposed new and unauthorized procedures and requirements that are in direct conflict with Georgia statutes, particularly O.C.G.A. § 21-2-386(a)(1)(B) (requiring the verification of every absentee  voter's signature) and O.C.G.A. §§ 21-2-382 and 21-2-385 (requirements that absentee ballots be delivered to county election officials personally or by statutorily designated individuals). Defendants have failed to enforce the requirements of those statutes regarding the verification of the signatures of absentee voters, the delivery of absentee ballots, and the monitoring of the signature verification process and vote-counting.

The regulation of elections must be evenhanded and reasonable. *See Dunn v. Blumstein,* 405 U.S. 330, 336 (1972). Defendants' new procedures and requirements and their failure to enforce applicable Georgia statutes will continue during the Senate runoff elections to be held in January 2021 and other future elections. The violations alleged in the complaint include violations of Plaintiffs' constitutional rights guaranteed by the Fourteenth Amendment to United States Constitution. The effect of Defendants' actions that violate Georgia election

statutes and Defendants' failure to enforce Georgia election statutes have resulted in unconstitutional burdens on Plaintiffs' exercise of their right to vote and to exercise their right to associate freely for political purposes and their right to equal treatment under the laws, both of which are protected by the Fourteenth Amendment to the United states Constitution. *See* Exhibit A, Declaration of Brian Tucker.

Plaintiffs satisfy the *Anderson-Burdick* test because the injuries to their First Amendment associational rights and their equal protection rights are severe and irreparable and because Defendants have no legitimate basis for their violations of applicable state statutes. *Burdick v. Takushi,* 504 U.S. 428, 433 (1992); *Anderson v. Celebrezze,* 460 U.S. 780, 788 (1983).

The likelihood of success in challenging the legality of any one of Defendants' three recently adopted rules described in the complaint is sufficient for a finding that Plaintiffs have established the requisite likelihood of success on the merits.

**B. LIKELIHOOD OF IRREPARABLE INJURY TO PLAINTIFFS**

The loss of First Amendment freedoms constitutes irreparable injury even if the loss is for a minimal period. *Alvarez,* 679 F.3d at 589.  The deprivation of

Plaintiffs' rights to freedom of association will be substantial and not capable of being remedied except by injunction.

Each of the Plaintiffs has established standing to assert the constitutional claims alleged in the complaint. The District Committee will suffer particularized injuries, unlike its counterpart, the 12th Congressional District Democratic Committee which will actually benefit by the challenged procedures adopted by Defendants just days ago. *See Fla. St. Conf. of NAACP v. Browning,* 522 F.3d 1153, 1161-66 (11th Cir. 2008) (diversion of resources injury). The Individual Plaintiffs were and will in the future be candidates to serve as Presidential electors. *See Roe v. State of Alabama by & through Evans,* 43 F.3d 574, 579-80 (11th Cir. 1995) (candidates for office showed particularized injuries). Plaintiffs' injury allegations meet the three-part test reaffirmed in *Jacobson v. Fla. Sec'y of State,* 974 F.3d 1236, 1245 (11th Cir. 2020). Their injuries constitute injuries in fact that are traceable to Defendants' challenged procedural rules and likely to be remedied by a favorable ruling in this case.

"Absentee ballots remain the largest source of potential voter fraud." Report of the Commission on Federal Election Reform, *Building Confidence in U.S.*

*Elections* § 5.2 at 46 (Sept. 2005).[1] Vote harvesting involving hundreds of

thousands of absentee ballots increases the risk of vote fraud. That report

acknowledged that even a small amount of fraud "could affect the outcome of a

close election." *Id.* § 2.5 at 18.

  Plaintiffs will suffer injury to their constitutional rights that cannot be

remedied by any relief other than preliminary and permanent injunctions

prohibiting Defendants' violations of Georgia election statutes. Defendants'

procedures and requirements that are at odds with Georgia statutes and the likely

continuation of their failure to enforce those statutes will encourage and facilitate

vote harvesting that involves illegal acquisition of absentee ballots, collection of

absentee ballots and delivery of those ballots to drop boxes that violate O.C.G.A. §

21-2-385, and the submission of ballots of individuals who are not eligible to vote

in violation of O.C.G.A. § 21-2-386(a)(1)(B). Unless the Court enjoin the

Defendants from continuing their illegal actions, Plaintiffs will be severely harmed

by the impact if Defendants' rules on Plaintiffs' First Amendment associational

---

[1] Former President Jimmy Carter and Secretary of State James A. Baker, III, Co-chairs, *Building Confidence in U.S. Elections*, COMMISSION ON FEDERAL ELECTION at p.46, *available online at* https://www.legislationline.org/download/id/1472/file/3b50795b2d0374cbef5c29766256.pdf.

rights and by the disparate treatment they will experience when compared to the treatment accorded Democrat voters.

### C. HARM TO DEFENDANTS

It is difficult to perceive any substantial harm that Defendants will experience if the relief requested is granted and they are required to apply the requirements already imposed on them by Georgia election statutes. Any disruption of Defendants' activities during the period of the runoff elections and the counting of votes in those elections would be no more than Defendants are required to tolerate in the faithful enforcement of those statutes. It may be arduous to verify every absentee voter's signature, but that is an unavoidable requirement of existing law. The same is true with respect to the requirement to delay the opening of absentee ballots until the day of the runoff elections. The elimination of drop boxes will be somewhat disruptive, but absentee voters have the option under O.C.G.A. § 21-2-385 to mail their absentee ballots to county election officials. If a change in those requirements is to occur, it must be by action of the Georgia General Assembly.

In this case, any potential harm to Defendants would be outweighed by the injury that Plaintiffs would suffer if the injunction is not granted.

### D. THE PUBLIC INTEREST

The overriding interest of the public is in the lawful conduct of elections. The occurrence of election fraud in past elections has already undermined public confidence in the integrity of the election process. The risk of ballot harvesting posed by the challenged rules and procedures that Defendants Raffensperger and the SEB have directed county election officials to implement is significant. The separation of an absentee ballot from the envelope in which it is delivered will effectively preclude the statutorily required determination that the ballot has been submitted by a voter qualified to vote. The use of drop boxes facilitates in a substantial way the collection and delivery of absentee ballots by individuals who were specifically excluded by the General Assembly from the listing of individuals who may perform that function.

If disruption occurs as a result of this Court's grant of injunctive relief, it is a burden far outweighed by the benefit of assuring that vote fraud and other election misconduct is eliminated or at least minimized by enjoining Defendants' unauthorized and discriminatory actions.

## III.   CONCLUSION

The Court should grant Plaintiffs' motion for preliminary relief.

Respectfully submitted,

**12th CONGRESSIONAL DISTRICT**
**REPUBLICAN COMMITTEE, et al.**

/s/  Johnny Vines
Johnny Vines, Esq.
Georgia Bar Number: 940633
JOHNNY VINES, P.C.
404 Durden Street, Suite B
Vidalia, Georgia 30474
(912) 388-7071 (o)
(912) 537-6600 (f)
jecvines@vineslaw.com


Patrick M. McSweeney, Esq.*
Robert J. Cynkar, Esq.*
Christopher I. Kachouroff, Esq.*
MCSWEENEY, CYNKAR & KACHOUROFF, PLLC
13649 Office Place, Suite 101
Woodbridge, Virginia 22192
(703) 621-3300 (o)
patrick@mck-lawyers.com
chris@mck-lawyers.com
rcynkar@mck-lawyers.com

*Counsel for Plaintiffs*

\* *Pro Hac Vice* Applications Forthcoming

# CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2020, I electronically filed this document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record. However, because no counsel has entered an appearance in this matter, I also certify that I caused a true and correct copy of the foregoing and all attachments in the above captioned matter to be sent via email notification to the parties who are not yet served via email (and FedEx on December 9) as follows:

**Secretary of State Bradford P. Raffensperger**
214 State Capitol
Atlanta, Georgia 30334
brad@sos.ga.gov
soscontact@sos.ga.gov

**Rebecca N. Sullivan**
Georgia Department of Administrative Services
200 Piedmont Avenue SE
Suite 1804, West Tower
Atlanta, Georgia 30334-0910
Rebecca.sullivan@doas.ga.gov

**David J. Worley**
Evangelista Worley, LLC
500 Sugar Mill Road
Suite 245A
Atlanta, Georgia 30350
david@ewlawllc.com

**Matthew Mashburn**
Aldridge Pite, LLP
3575 Piedmont Road, N.E.
Suite 500
Atlanta, Georgia 30305
mmashburn@aldridgepite.com

**Anh Lee**
Harley, Rowe & Fowler, P.C.
2700 Cumberland Parkway
Suite 525
Atlanta, Georgia 30339
ale@hrflegal.com

**Tim McFalls**
**Marcia Brown**
**Sherry T. Barnes**
**Terence Dicks**
**Bob Finnegan**
Richmond County Board of Elections
535 Telfair Street Suite 500
Augusta, GA  30901
Phone: 706-821-2340
Fax: 706-821-2814
RichmondElections@augustaga.gov

This 9th day of December, 2020.

/s/  Johnny Vines
Johnny Vines, Esq.
Georgia Bar Number: 940633
JOHNNY VINES, P.C.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

THE TWELFTH CONGRESSIONAL )
DISTRICT REPUBLICAN COMMITTEE, )
et al., )
  )
  )
            Plaintiffs, )
  )
v. )   Civil Action File No.
  )
BRADFORD J. RAFFENSPERGER, et al, )
  )
  )
            Defendants. )
  )

## DECLARATION OF BRIAN TUCKER

I, Brian Tucker, declare the following pursuant to 28 U.S.C. § 1746 based on my information, knowledge, and belief.

1.     I am a registered voter of the State of Georgia residing in Richmond County.

2.     I intend to vote in person in the runoff election on January 5, 2021.

3.     I am familiar with the rules implemented by Defendants regarding early ballot processing, signature verification, and the use of drop boxes for absentee ballots.

4.     The use of drop boxes for the collection of absentee ballots, as the Georgia Secretary of State and the Georgia State Election Board have authorized,

**EXHIBIT**

**A**

facilitates ballot harvesting by enabling individuals who are not relatives or members of the absentee voter to collect an absentee ballot and deposit it in a drop box, which is not attended or otherwise effectively monitored by county election officials or other government personnel.

5.       Ballot harvesting is also facilitated by the absence of the verification required by Georgia statute that the ballot submitted is that of a registered voter who is eligible to vote by absentee ballot.

6.       Richmond County has issued a notice that its five drop boxes will be open for use on November 30, 2020 and will close on Election Day, January 5, 2021.[1]

7.       Richmond County will begin early opening of the absentee envelopes and separate the inner ballot envelopes weeks before the polls open on January 5, 2021.

8.       I do not believe proper signature verification is taking place or that temporary poll workers are trained to verify the absentee envelope signatures.

9.       I believe that Richmond County's early absentee ballot processing procedure starts by separating the outer absentee envelope and the inner ballot envelope. Once these envelopes are separated before the polls open, there will be no way to trace the voter with his or her actual ballot.

---

[1] https://www.augustaga.gov/DocumentCenter/View/13871/Notice-of-Drop-Box-Opening_1

10.   Under this process, if a voter were to show up in person and they were told an absentee ballot was already received, there would be no way to pull their absentee ballot because it will have been separated from the outer envelope.

11.   Defendants' rules as stated in the Complaint violate the Georgia Election Code.

12.   Further, these rules violate my constitutional rights including my rights to freedom of association and the equal protection of the laws guaranteed by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and by the Georgia Constitution.

13.   The violations of my constitutional rights will not be prevented in these circumstances unless the Court issues the restraining order and preliminary injunctive relief that Plaintiffs have requested.

All of the statements above are made to the best of my knowledge, information, and belief.

Dated: December 9, 2020

_____
**Brian Tucker**