IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| THE TWELFTH CONGRESSIONAL DISTRICT REPUBLICAN COMMITTEE, BRIAN W. TUCKER, an individual voter and resident of Richmond County, CATHY A. LATHAM, a 2020 candidate for Presidential Elector, and EDWARD T. METZ, a 2020 candidate for Presidential Elector,<br><br>      Plaintiffs,<br><br>v.<br><br>BRADFORD J. RAFFENSPERGER, in his official capacity as SECRETARY OF STATE OF GEORGIA; REBECCA N. SULLIVAN, DAVID J. WORLEY, MATTHEW MASHBURN, and ANH LEE, in their official capacities as Members of the Georgia State Election Board; and TIM MCFALLS, MARCIA BROWN, SHERRY T. BARNES, TERENCE DICKS, and BOB FINNEGAN, in their official capacities as Members of the RICHMOND COUNTY BOARD OF ELECTIONS,<br><br>      Defendants. | Civil Action No. 1:20-cv-00180-JRH-BKE |

**PROPOSED INTERVENOR-DEFENDANTS' PROPOSED ANSWER TO PLAINTIFFS' COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Proposed Intervenor-Defendants DEMOCRATIC PARTY OF GEORGIA, INC. and DSCC ("Proposed Intervenors"), by and through their attorneys, answer Plaintiffs' complaint for declaratory and injunctive relief as set forth below. Unless expressly admitted, each allegation in the complaint is denied, and Proposed Intervenors demand strict proof thereof.

## NATURE OF THE CASE

1. Paragraph 1 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

2. Paragraph 2 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

3. Paragraph 3 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

4. Paragraph 4 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

5. Paragraph 5 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

6. Paragraph 6 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

7. Paragraph 7 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

8. Paragraph 8 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

9. Paragraph 9 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

10. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of Plaintiffs' complaint and therefore deny the same.

11. Paragraph 11 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

12. Proposed Intervenors admit that the rules described in Paragraph 12 will be implemented during the January 5, 2021 runoff elections, but deny that these rules are new to these elections.

13. Paragraph 13 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. Proposed Intervenors further deny that Plaintiffs are entitled to any of the relief they seek.

## PARTIES

14. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 14 of Plaintiffs' complaint. Paragraph 14 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

15. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 15 of Plaintiffs' complaint. Paragraph 15 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions,

conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

16. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first four sentences of paragraph 16 of Plaintiffs' complaint. Paragraph 16 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

17. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first four sentences of paragraph 17 of Plaintiffs' complaint. Paragraph 17 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

18. Proposed Intervenors admit that Bradford J. Raffensperger is the Secretary of State of Georgia. Paragraph 18 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

19. Proposed Intervenors admit that Bradford J. Raffensperger, Rebecca N. Sullivan, David J. Worley, Matthew Mashburn, and Anh Le, whom Plaintiffs misname as "Anh Le," are members of the State Election Board. Paragraph 19 of Plaintiffs' complaint otherwise contains

mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

20. Paragraph 20 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

21. Proposed Intervenors admit that Tim McFalls, Sherry T. Barnes, Marcia Brown, Terence Dicks, and Bob Finnegan are members of the Richmond County Board of Elections. Paragraph 21 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

## JURISDICTION AND VENUE

22. Paragraph 22 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

23. Paragraph 23 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

24. Paragraph 24 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

25. Paragraph 25 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

26. Paragraph 26 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

## CONSTITUTIONAL FRAMEWORK

27. Paragraph 27 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

28. Paragraph 28 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

29. Paragraph 29 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

30. Paragraph 30 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

31. Paragraph 31 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

32. Paragraph 32 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

33. Paragraph 33 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

## STATEMENT OF FACTS AND LAW

34. Paragraph 34 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

35. Paragraph 35 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

36. Paragraph 36 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

37. Proposed Intervenors admit that Rule 183-1-14-0.8-.14 was enacted as "a means for absentee by mail electors to deliver their ballots to the county registrars." Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 of Plaintiffs' complaint and therefore deny the same.

38. Paragraph 38 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

39. Proposed Intervenors admit that Rule 183-1-14-0.8-.14 states that "[p]lacing a voted absentee ballot into the drop box shall be deemed delivery pursuant to O.C.G.A. § 21-2-385."

40. Paragraph 40 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

41. Paragraph 41 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

42. Paragraph 42 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

43. Paragraph 43 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

44. Paragraph 44 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

45. Paragraph 45 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

46. Paragraph 46 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

47. Paragraph 47 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

48. Paragraph 48 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

49. Paragraph 49 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

50. Paragraph 50 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

51. Paragraph 51 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

52. Paragraph 52 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

53. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of Plaintiffs' complaint.

54. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of Plaintiffs' complaint.

55. Paragraph 55 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

56. Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of Plaintiffs' complaint and therefore deny the same.

57. Paragraph 57 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

58. Paragraph 58 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

59. Paragraph 59 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

60. Paragraph 60 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

61. Proposed Intervenors incorporate their responses to the foregoing paragraphs as if fully set forth herein.

## COUNT I

62. Paragraph 62 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

63. Paragraph 63 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

64. Paragraph 64 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

65. Paragraph 65 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

66. Paragraph 66 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

**COUNT II**

67. Paragraph 67 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

68. Paragraph 68 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

69. Paragraph 69 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

**COUNT III**

70. Paragraph 70 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

71. Paragraph 71 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

72. Paragraph 72 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

73. Paragraph 73 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

74. Paragraph 74 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

75. Paragraph 75 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

76. Paragraph 76 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

77. Paragraph 77 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

78. Paragraph 78 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

79. Paragraph 79 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

80. Paragraph 80 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

81. Paragraph 81 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

## COUNT IV

82. Paragraph 82 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

83. Paragraph 83 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

84. Paragraph 84 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

## COUNT V

85. Paragraph 85 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

86. Paragraph 86 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

87. Paragraph 87 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

88. Paragraph 88 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

89. Paragraph 89 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

90. Paragraph 90 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

91. Paragraph 91 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the same.

## AFFIRMATIVE DEFENSES

Proposed Intervenors assert the following affirmative defenses without accepting any burdens regarding them:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because this Court lacks jurisdiction to adjudicate Plaintiffs' claims.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert their claims.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs claims are barred in whole or in part by the Eleventh Amendment to the U.S. Constitution.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from bringing these claims.

Proposed Intervenors reserve the right to assert any further defenses that may become evident during the pendency of this matter.

**PROPOSED INTERVENORS' REQUEST FOR RELIEF**

Having answered Plaintiffs' complaint, Proposed Intervenors request that the Court:

1. Deny Plaintiffs are entitled to any relief;

2. Dismiss Plaintiffs' complaint with prejudice;

3. Award Proposed Intervenors their costs and attorneys' fees incurred in defending against Plaintiffs' claims in accordance with 42 U.S.C. § 1988; and

4. Grant such other and further relief as this Court deems just and proper.

Dated: December 11, 2020          Respectfully submitted,

*/s/ Joyce Gist Lewis*
Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
Adam M. Sparks*
Georgia Bar No. 341578
KREVOLIN & HORST, LLC
1201 W. Peachtree Street, NW
Suite 3250, One Atlantic Center
Atlanta, GA 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlawfirm.com
sparks@khlawfirm.com

Marc E. Elias*
Amanda R. Callais*
John M. Geise*
Henry J. Brewster*
PERKINS COIE LLP
700 Thirteenth Street NW, Suite 800
Washington, D.C. 20005
Telephone: (202) 654-6200

melias@perkinscoie.com
acallais@perkinscoie.com
jgeise@perkinscoie.com
hbrewster@perkinscoie.com

Laura Hill*
Jonathan P. Hawley*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: (206) 359-8000
lhill@perkinscoie.com
jhawley@perkinscoie.com

*Counsel for Proposed Intervenor-Defendants*

*Pro Hac Vice Application Forthcoming*