IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

PAUL ANDREW BOLAND,

    Plaintiff,

v.

BRAD RAFFENSPERGER, in his official capacity as Secretary of State of the State of Georgia; REBECCA N. SULLIVAN, in her official capacity as Vice Chair of the Georgia State Election Board; DAVID J. WORLEY, in his official capacity as a Member of the Georgia State Election Board; MATTHEW MASHBURN, in his official capacity as a Member of the Georgia State Election Board; and ANH LE, in her official capacity as a Member of the Georgia State Election Board,

    Defendants,

and

GLORIA BUTLER, BOBBY FUSE, DEBORAH GONZALEZ, STEPHEN HENSON, PEDRO MARIN, FENIKA MILLER, BEN MYERS, RACHEL PAULE, CALVIN SMYRE, ROBERT TRAMMELL JR., MANOJ S. "SACHIN" VARGHESE, NIKEMA WILLIAMS, and CATHY WOOLARD, in their capacity as Electors for Joseph R. Biden, Jr.,

    Intervenor-Defendants.

Civil Action No. 2020CV343018

## Final Order

    Paul Andrew Boland ("Plaintiff") filed this action on November 30, 2020, to contest the November 3, 2020, election for Presidential Electors for the State of Georgia. Plaintiff named as defendants Brad Raffensperger, the Georgia Secretary of State, and Rebecca N.

Sullivan, David J. Worley, Matthew Mashburn, and Anh Le, the members of the Georgia State Election Board ("State Defendants").  On December 3, 2020, Intervenor-Defendants filed a Motion to Intervene.  A hearing was held on December 7, 2020 and the Court granted the motion.

The Court held a hearing on December 8, 2020 to address the Intervenor-Defendants' Motion to Dismiss. In attendance were counsel representing the Plaintiff, counsel representing the State Defendants,[1] counsel representing the Intervenor-Defendants, and counsel representing a party attempting to intervene in the contest as a petitioner, Shawn Still. Counsel for the State Defendants made an oral motion to dismiss the case and there was no objection by Plaintiff.  The Court heard argument from the parties on the motions to dismiss by the State Defendants and Intervenors, as well as arguments on the propriety of and scope of relief sought by the Petitioner.

The Court, having reviewed the record in this matter and having considered the pending Motions to Dismiss by Defendants and Intervenors, respectively, the Memoranda of Law in support thereof, Plaintiff's opposition thereto, and argument presented by all parties at a hearing before the Court on this day, it is hereby ORDERED that Defendants' and Intervenor-Defendants' Motions to Dismiss are GRANTED on the following grounds:

*First*, the Court finds that, pursuant to O.C.G.A. § 21-2-520, the State Defendants are improper parties to this action.  O.C.G.A. § 21-2-520 (2) defines the proper "Defendants" for purposes of an election contest as follows:

(A) The person whose nomination or election is contested;

---

[1] Counsel from the Georgia Attorney General's Office appeared at the hearing on behalf of the State Defendants and waived the statutory notice required under O.C.G.A.§ 9-10-2.

>  (B) The person or persons whose eligibility to seek any nomination or office in a run-off primary or election is contested;
>
>  (C) The election superintendent or superintendents who conducted the contested primary or election; or
>
>  (D) The public officer who formally declared the number of votes for and against any question submitted to electors at an election.

O.C.G.A. § 21-2-520(2).

The Secretary of State is not one of these statutorily proscribed defendants, nor are the members of the State Election Board. They are not candidates for the office that is the subject of the contest, so neither subsections (A) nor (B) apply of O.C.G.A. § 21-2-520(2). The State Defendants are also not one or more of "the election superintendent[s]" who conducted the contested election, therefor subsection (C) does not apply.[2]  Finally, because the Plaintiff has not asserted any claims regarding the constitutional amendments or the taxation issue put to the voters statewide, which were the only questions submitted to the voters statewide in the November 3, 2020 general election, subsection (D) is also inapplicable.  As such, the State Defendants' motion to dismiss for failure to name the proper Defendants is GRANTED as to State Defendants.

*Second,* Plaintiff's claims are also barred by the equitable doctrines of laches, which bars a claim when (1) the lapse of time and (2) the claimant's neglect in asserting rights (3) prejudiced the adverse party.  *Waller v. Golden*, 288 Ga. 595, 597 (2011).  All three elements are satisfied here, where Plaintiff challenges the validity of the presidential election after it has already been conducted based on procedures which were adopted long before the election and upon which elections officials and voters alike relied.

---

[2] The Code defines "superintendent" as one of five city or county officials/entities: (1) the judge of the probate court of a county; (2) the county board of elections; (3) the county board of elections and registrations; (4) the joint city-county board of elections; and (5) the joint city-county board of elections and registration. O.C.G.A. § 21-2-2(35)(A).

The Doctrine of Laches precludes Plaintiff from asking this Court for relief based on *post hoc* challenges to the Secretary of State's voter registration list maintenance program and to the Settlement Agreement, which were in place well before the November 2020 general election. The National Voter Registration Act provides that States shall complete their programs to remove ineligible voters from the official lists "not later than 90 days prior to the date of a primary or general election for Federal office." 52 U.S.C. § 20507(c)(2)(A). Thus, any objection Plaintiff maintained against the State's list maintenance program for the November 3 election could have been raised well before the general election, and in any event by August 5. Similarly, the Settlement Agreement was entered into six months before election day, yet Plaintiff did not seek to intervene or challenge the Settlement Agreement until November 30, 2020. *See Wood v. Raffensperger*, No. 1:20-CV-04651-SDG, 2020 WL 6817513, at *7 (N.D. Ga. Nov. 20, 2020) (rejecting virtually identical post-election challenge to Settlement Agreement as barred by laches). As a result, the Plaintiff's Complaint is DISMISSED against State Defendants and Intervenor-Defendants on this ground as well.

*Third*, as an individual voter, Plaintiff lacks standing to raise generalized grievances against election officials' conduct. *Wood v. Raffensperger*, No. 20-14418, 2020 WL 7094866, at *4 (11th Cir. Dec. 5, 2020) (Pryor, J.).  Plaintiff is not a "Candidate" for the election he seeks to contest in this action and thus has no standing to bring this action. As a result, the Complaint is DISMISSED against Defendants and Intervenor-Defendants on this ground as well.

*Fourth,* even if the Court were to examine the merits of this action, Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff seeks to challenge the election of presidential electors, who are the candidates selected by voters under state law. *See* O.C.G.A. § 21-2-10 ("At the November election to be

held in the year 1964 and every fourth year thereafter, there shall be elected by the electors of this state persons to be known as electors of President and Vice President of the United States."). Presidential electors are neither "federal, state, county, or municipal" officers, and therefore Plaintiff cannot bring a claim under Georgia's election contest statute to challenge their election. O.C.G.A. § 21-2-521.

Even if Plaintiff's Complaint could be brought under O.C.G.A. § 21-2-521, it also fails to state a claim upon which relief can be granted because it is based on the premise that the election is in doubt because the voter rolls were not properly maintained, and because election officials did not properly verify voter signatures. Even if credited, the Complaint's factual allegations do not plausibly support his claims. The allegations in the Complaint rest on speculation rather than duly pled facts. They cannot, as a matter of law, sustain this contest.

Count I, which alleges that 20,312 people may have voted illegally in Georgia, relies upon a YouTube video which purportedly is based upon United States Postal Service mail forwarding information. Pet. ¶ 1. Count II alleges that the signature-matching process resulting from a Settlement Agreement entered into by the State nine months ago is inconsistent with Georgia's election code, and allegedly violates the federal Constitution.[3] Pet. ¶ 17. The Court finds that Plaintiff's allegations, as pled, do not support an allegation of impropriety or a

---

[3] These arguments have been offered and rejected in other courts. *See Wood*, 2020 WL 6817513, at *10. Furthermore, the statutory changes put in place by the General Assembly permitting voters to cure signature issues on their ballot as a result of 2019 legislation, as well as regulatory changes adopted by the State Election Board contemporaneous with execution of the Settlement Agreement, would be expected to result in fewer signature rejections. This would not be because illegal votes are somehow evading review, but because subjecting signatures to more thorough verification and permitting voters to cure suspected errors should reduce the number of lawful ballots that are improperly thrown out.

conclusion that sufficient illegal votes were cast to change or place in doubt the result of the election.

*Fifth,* and finally, the Court finds that Plaintiff's complaint is moot. The results of the November 3, 2020 election have been certified by Secretary of State and the Governor as required under the Georgia Election Code, and then re-certified, and the certificate of ascertainment has been transmitted to the Archivist of the United States. Moreover, the Supreme Court of the United States has cautioned courts against jeopardizing a state's ability to meet the federal "safe harbor" deadline in 3 U.S.C. § 5. *See Bush v. Gore*, 531 U.S. 98, 110 (2000) (per curiam) (explaining that "safe harbor" provision "requires that any controversy or contest that is designed to lead to a conclusive selection of electors be completed by [the safe harbor date]."); *see also id.* at 114 (Rehnquist, C.J., concurring) ("[W]e must ensure that postelection state-court actions do not frustrate the legislative desire to attain the 'safe harbor' provided by § 5."). Because the November 3, 2020, election has been certified and because the mechanism available to challenge said certification is no longer available, the Court finds that Plaintiff's action is moot because the relief which he seeks in his Complaint is not available.

Accordingly, for the forgoing reasons, the motions to dismiss by the State Defendants and the Intervenor-Defendants are **GRANTED** and Plaintiff's Complaint is **DISMISSED**. In light of this, proposed Intervenor-Plaintiff Shawn Still's motion to intervene as a plaintiff is **DENIED** as moot

This 8th day of December, 2020.

_____
Judge Emily K. Richardson
Superior Court of Fulton County

Prepared by:
/s/ Kevin J. Hamilton
Kevin J. Hamilton
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: (206) 359-8000
khamilton@perkinscoie.com

Edited by the Court.