**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| THE TWELFTH CONGRESSIONAL DISTRICT REPUBLICAN COMMITTEE., *et al.*, | ) ) ) |
| | ) |
| Plaintiffs, | ) ) Civil Action No. 1:20-cv-00180-JRH-BKE |
| | ) |
| v. | ) The Honorable J. Randall Hall |
| | ) |
| BRADFORD J. RAFFENSPERGER, in his official capacity of Secretary of State of Georgia, *et al.*, | ) PROPOSED ANSWER ) ) Proposed Intervenors ) (Organizational) |
| Defendants, | ) Georgia State Conference of the NAACP ) Georgia Coalition for the People's Agenda, |
| GEORGIA STATE CONFERENCE OF THE NAACP; GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC., and HELEN BUTLER, | ) Inc. ) ) (Individual) ) Helen Butler |
| | ) |
| Proposed Intervenor-Defendants. | ) ) ) |

<u>**PROPOSED ANSWER TO COMPLAINT**</u>

The Georgia State Conference of the NAACP ("Georgia NAACP"), Georgia Coalition for

the People's Agenda ("GCPA") (together, the "Organizational Proposed Intervenors") and Helen

Butler (the "Individual Proposed Intervenor," and collectively with the Organizational Proposed

Intervenors, "Proposed Intervenors"), by and through their counsel, hereby respectfully file this

proposed answer to the Defendants' Complaint as set forth below.[1]

---

[1]     The Proposed Intervenors respectfully request leave from the Court to file this Answer, which shall be deemed to have been filed as of this date.

**<u>First Defense</u>**

Plaintiffs' claims are barred because they fail to state a claim for relief that can be granted.

**<u>Second Defense</u>**

Plaintiffs lack standing to assert their claims

**<u>Third Defense</u>**

Plaintiffs are precluded in whole or in part from bringing these claims

**<u>Fourth Defense</u>**

The Complaint is barred by the equitable doctrine of laches.

Proposed Intervenors reserve the right to assert any further defenses that may become evident during the pendency of this matter.

## ANSWER

### 1.

Responding to Paragraph 1 of the Complaint, the Intervenors state that Paragraph 1 contains legal conclusions, contentions, and characterizations to which no response is required.

### 2.

Responding to Paragraph 2 of the Complaint, the Intervenors state that Paragraph 2 contains legal conclusions, contentions, and characterizations to which no response is required.

### 3.

Responding to Paragraph 3 of the Complaint, the Intervenors state that Paragraph 3 contains legal conclusions, contentions, and characterizations to which no response is required.

### 4.

Responding to Paragraph 4 of the Complaint, the Intervenors state that Paragraph 4 contains legal conclusions, contentions, and characterizations to which no response is required.

### 5.

Responding to Paragraph 5 of the Complaint, the Intervenors state that Paragraph 5 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

### 6.

Responding to Paragraph 6 of the Complaint, the Intervenors state that Paragraph 6 contains legal conclusions, contentions, and characterizations to which no response is required.

7.

Responding to Paragraph 7 of the Complaint, the Intervenors state that Paragraph 7 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

8.

Responding to Paragraph 8 of the Complaint, the Intervenors state that Paragraph 8 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

9.

Responding to Paragraph 9 of the Complaint, the Intervenors state that Paragraph 9 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

10.

Responding to Paragraph 10 of the Complaint, the Intervenors lack sufficient information or knowledge to form a belief as to the truth of the allegations in the Paragraph, and accordingly, deny the same.

11.

Responding to Paragraph 11 of the Complaint, the Intervenors state that Paragraph 11 contains legal conclusions, contentions, and characterizations to which no response is required.

To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

12.

The Intervenors admit that the rules will be implemented during the January 5, 2020 runoff elections.

13.

Responding to Paragraph 13 of the Complaint, the Intervenors state that Paragraph 13 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

14.

Responding to Paragraph 14 of the Complaint, the Intervenors lack sufficient information or knowledge to form a belief as to the truth of the allegations in the Paragraph, and accordingly, deny the same.

15.

Responding to Paragraph 15 of the Complaint, the Intervenors lack sufficient information or knowledge to form a belief as to the truth of the allegations in the Paragraph, and accordingly, deny the same.

16.

Responding to Paragraph 16 of the Complaint, the Intervenors lack sufficient information or knowledge to form a belief as to the truth of the allegations in the Paragraph, and accordingly, deny the same. Paragraph 16 also contains legal conclusions, contentions, and characterizations to which no response is required.  To the extent a response is required, the Intervenors deny any

5

remaining allegations contained in this Paragraph.

17.

Responding to Paragraph 17 of the Complaint, the Intervenors lack sufficient information or knowledge to form a belief as to the truth of the allegations in the Paragraph, and accordingly, deny the same. Paragraph 17 also contains legal conclusions, contentions, and characterizations to which no response is required.  To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

18.

Responding to Paragraph 18 of the Complaint, the Proposed Intervenors admit that Bradford J. Raffensperger is the Secretary of State of Georgia. Paragraph 18 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

19.

Intervenors admit that Bradford J. Raffensperger, Rebecca N. Sullivan, David J. Worley, Matthew Mashburn, and Anh Le, whom Plaintiffs misname as "Anh Le," are members of the State Election Board. Paragraph 19 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

20.

Responding to Paragraph 20 of the Complaint, the Intervenors state that Paragraph 20 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

6

21.

Intervenors admit that Tim McFalls, Sherry T. Barnes, Marcia Brown, Terence Dicks, and Bob Finnegan are members of the Richmond County Board of Elections. Paragraph 21 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

22.

Responding to Paragraph 22 of the Complaint, the Intervenors state that Paragraph 22 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

23.

Responding to Paragraph 23 of the Complaint, the Intervenors state that Paragraph 22 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

24.

Responding to Paragraph 24 of the Complaint, the Intervenors state that Paragraph 24 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

25.

Responding to Paragraph 25 of the Complaint, the Intervenors state that Paragraph 25 contains legal conclusions, contentions, and characterizations to which no response is required.

To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

26.

Responding to Paragraph 26 of the Complaint, the Intervenors state that Paragraph 26 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

27.

Responding to Paragraph 27 of the Complaint, the Intervenors state that Paragraph 27 contains legal conclusions, contentions, and characterizations to which no response is required.

28.

Responding to Paragraph 28 of the Complaint, the Intervenors state that Paragraph 28 contains legal conclusions, contentions, and characterizations to which no response is required.

29.

Responding to Paragraph 29 of the Complaint, the Intervenors state that Paragraph 29 contains legal conclusions, contentions, and characterizations to which no response is required.

30.

Responding to Paragraph 30 of the Complaint, the Intervenors state that Paragraph 30 contains legal conclusions, contentions, and characterizations to which no response is required.

31.

Responding to Paragraph 31 of the Complaint, the Intervenors state that Paragraph 31 contains legal conclusions, contentions, and characterizations to which no response is required.

32.

Responding to Paragraph 32 of the Complaint, the Intervenors state that Paragraph 32 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

33.

Responding to Paragraph 33 of the Complaint, the Intervenors state that Paragraph 33 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

34.

Responding to Paragraph 34 of the Complaint, the Intervenors state that Paragraph 34 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

35.

Responding to Paragraph 35 of the Complaint, the Intervenors state that Paragraph 35 contains legal conclusions, contentions, and characterizations to which no response is required.

36.

Responding to Paragraph 36 of the Complaint, the Intervenors state that Paragraph 36 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

37.

The Intervenors admit that Rule 183-1-14-0.8-.14 was enacted as "a means for absentee by mail electors to deliver their ballots to the county registrars." Proposed Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 of Plaintiffs' complaint and therefore deny the same.

38.

Responding to Paragraph 38 of the Complaint, the Intervenors state that Paragraph 38 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

39.

Responding to Paragraph 39 of the Complaint, the Intervenors state that Paragraph 39 contains legal conclusions, contentions, and characterizations to which no response is required; the cited statutory provisions speak for themselves.

40.

Responding to Paragraph 40 of the Complaint, the Intervenors state that Paragraph 40 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

41.

Responding to Paragraph 41 of the Complaint, the Intervenors state that Paragraph 41 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in

this Paragraph.

42.

Responding to Paragraph 42 of the Complaint, the Intervenors state that Paragraph 42 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

43.

Responding to Paragraph 43 of the Complaint, the Intervenors state that Paragraph 43 contains legal conclusions, contentions, and characterizations to which no response is required.

44.

Responding to Paragraph 44 of the Complaint, the Intervenors state that Paragraph 44 contains legal conclusions, contentions, and characterizations to which no response is required.

45.

Responding to Paragraph 45 of the Complaint, the Intervenors state that Paragraph 45 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

46.

Responding to Paragraph 46 of the Complaint, the Intervenors state that Paragraph 46 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

47.

Responding to Paragraph 47 of the Complaint, the Intervenors state that Paragraph 47 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

48.

Responding to Paragraph 48 of the Complaint, the Intervenors state that Paragraph 48 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

49.

Responding to Paragraph 49 of the Complaint, the Intervenors state that Paragraph 49 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

50.

Responding to Paragraph 50 of the Complaint, the Intervenors state that Paragraph 50 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

51.

Responding to Paragraph 51 of the Complaint, the Intervenors state that Paragraph 51 contains legal conclusions, contentions, and characterizations to which no response is required.

To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

52.

Responding to Paragraph 52 of the Complaint, the Intervenors state that Paragraph 52 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

53.

Responding to Paragraph 53 of the Complaint, the Intervenors lack sufficient information or knowledge to form a belief as to the truth of the allegations in the Paragraph, and accordingly, deny the same.

54.

Responding to Paragraph 54 of the Complaint, the Intervenors lack sufficient information or knowledge to form a belief as to the truth of the allegations in the Paragraph, and accordingly, deny the same.

55.

Responding to Paragraph 55 of the Complaint, the Intervenors state that Paragraph 55 contains legal conclusions, contentions, and characterizations to which no response is required.

56.

Responding to Paragraph 56 of the Complaint, the Intervenors lack sufficient information or knowledge to form a belief as to the truth of the allegations in the Paragraph, and accordingly, deny the same.

57.

Responding to Paragraph 57 of the Complaint, the Intervenors state that Paragraph 57 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

58.

Responding to Paragraph 58 of the Complaint, the Intervenors state that Paragraph 58 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

59.

Responding to Paragraph 59 of the Complaint, the Intervenors state that Paragraph 59 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

60.

Responding to Paragraph 60 of the Complaint, the Intervenors state that Paragraph 60 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

61.

Proposed Intervenors incorporate by reference all other responses in this Proposed Answer as through set forth fully herein.

62.

Responding to Paragraph 62 of the Complaint, the Intervenors state that Paragraph 62 contains legal conclusions, contentions, and characterizations to which no response is required.

63.

Responding to Paragraph 63 of the Complaint, the Intervenors state that Paragraph 63 contains legal conclusions, contentions, and characterizations to which no response is required.

64.

Responding to Paragraph 64 of the Complaint, the Intervenors state that Paragraph 64 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

65.

Responding to Paragraph 65 of the Complaint, the Intervenors state that Paragraph 65 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

66.

Responding to Paragraph 66 of the Complaint, the Intervenors state that Paragraph 66 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

67.

Responding to Paragraph 67 of the Complaint, the Intervenors state that Paragraph 67 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

68.

Responding to Paragraph 68 of the Complaint, the Intervenors state that Paragraph 68 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

69.

Responding to Paragraph 69 of the Complaint, the Intervenors state that Paragraph 69 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

70.

Responding to Paragraph 70 of the Complaint, the Intervenors state that Paragraph 70 contains legal conclusions, contentions, and characterizations to which no response is required.

71.

Responding to Paragraph 71 of the Complaint, the Intervenors state that Paragraph 71 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

72.

Responding to Paragraph 72 of the Complaint, the Intervenors state that Paragraph 72 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

73.

Responding to Paragraph 73 of the Complaint, the Intervenors state that Paragraph 73 contains legal conclusions, contentions, and characterizations to which no response is required.

74.

Responding to Paragraph 74 of the Complaint, the Intervenors state that Paragraph 74 contains legal conclusions, contentions, and characterizations to which no response is required.

75.

Responding to Paragraph 75 of the Complaint, the Intervenors state that Paragraph 75 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

76.

Responding to Paragraph 76 of the Complaint, the Intervenors state that Paragraph 76 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

77.

Responding to Paragraph 77 of the Complaint, the Intervenors state that Paragraph 77 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

78.

Responding to Paragraph 78 of the Complaint, the Intervenors state that Paragraph 78 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

79.

Responding to Paragraph 79 of the Complaint, the Intervenors state that Paragraph 79 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

80.

Responding to Paragraph 80 of the Complaint, the Intervenors state that Paragraph 80 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

81.

Responding to Paragraph 81 of the Complaint, the Intervenors state that Paragraph 81 contains legal conclusions, contentions, and characterizations to which no response is required.

To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

82.

Responding to Paragraph 82 of the Complaint, the Intervenors state that Paragraph 82 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

83.

Responding to Paragraph 83 of the Complaint, the Intervenors state that Paragraph 83 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

84.

Responding to Paragraph 84 of the Complaint, the Intervenors state that Paragraph 84 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

85.

Responding to Paragraph 85 of the Complaint, the Intervenors state that Paragraph 85 contains legal conclusions, contentions, and characterizations to which no response is required.

86.

Responding to Paragraph 86 of the Complaint, the Intervenors state that Paragraph 86 contains legal conclusions, contentions, and characterizations to which no response is required.

87.

Responding to Paragraph 87 of the Complaint, the Intervenors state that Paragraph 87 contains legal conclusions, contentions, and characterizations to which no response is required.

88.

Responding to Paragraph 88 of the Complaint, the Intervenors state that Paragraph 88 contains legal conclusions, contentions, and characterizations to which no response is required.

89.

Responding to Paragraph 89 of the Complaint, the Intervenors state that Paragraph 89 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

90.

Responding to Paragraph 90 of the Complaint, the Intervenors state that Paragraph 90 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

91.

Responding to Paragraph 91 of the Complaint, the Intervenors state that Paragraph 91 contains legal conclusions, contentions, and characterizations to which no response is required. To the extent a response is required, the Intervenors deny any remaining allegations contained in this Paragraph.

**[CONTINUED AND SIGNATURES NEXT PAGE]**

The Intervenors deny all allegations contained in the Prayer for Relief and deny that Plaintiffs are entitled to the relief requested therein.

The Intervenors deny all allegations in the Complaint not specifically admitted above.

WHEREFORE, The Intervenors respectfully demand that the Complaint be dismissed and that costs and fees of this action, including attorneys' fees be cast upon the Plaintiffs.

Respectfully submitted this 15th day of December, 2020.

/s/ John P. Batson
John P. Batson
Ga. Bar No. 042150
1104 Milledge Road
Augusta, GA 30904
Phone 706-737-4040
FAX 706-736-3391
jpbatson@aol.com
*Attorney for Intervenors Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, and Helen Butler*

/s/ Ezra Rosenberg
Ezra Rosenberg*
erosenberg@lawyerscommittee.org
Kristen Clarke*
kclarke@lawyerscommittee.org
Julie M. Houk*
jhouk@lawyerscommittee.org
John Powers*
jpowers@lawyerscommittee.org
Kevin M. Benedicto*
kbenedicto@lawyerscommittee.org

*Pro hac vice* applications forthcoming

**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8300
*Attorneys for Intervenors Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, and Helen Butler*